THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:06-cr-00252-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRISTOPHER JONELL TYLER, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 96].

**I. BACKGROUND**

In April 2006, the Defendant Christopher Jonell Tyler and his co-defendant, Jacques Jackson, attempted to rob an Amoco gas station in Shelby, North Carolina. [Doc. 66 at ¶¶ 6-8, 10-11]. The Defendant, who was a member of the Bloods street gang, and Jackson both brandished handguns and pointed them at the store owner. [Id. at ¶ 6]. The Defendant warned the manager, "Don't move," but the manager instead pulled a .38 caliber handgun from his waistband and opened fire, hitting the Defendant in the shoulder. [Id. at ¶¶ 6, 11]. The Defendant and Jackson returned fire and continued firing shots at the manager while leaving the store. [Id.]. At the

time that the Defendant committed these offenses, he had previously been convicted of felony assault with a deadly weapon inflicting serious injury for which he received a sentence of between 15 and 27 months' imprisonment. [Id. at ¶ 41]. During that offense, the Defendant cornered his victim in a store, pulled out a handgun, and began shooting at the victim. [Id.]. The shooting was believed to be gang related. [Id.]. The Defendant twice committed offenses while on probation, including the robbery and firearm offenses in this case. [Id. at ¶¶ 40-41]. Additionally, the Defendant committed the attempted robbery of the Amoco station Sless than a month of his release from prison. [Id. at ¶¶ 6, 41].

A federal grand jury indicted the Defendant and charged him with Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951; discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 22]. The Defendant entered into a written plea agreement with the Government and pled guilty to all three offenses. [Docs. 25, 26].

In advance of sentencing, the Court's probation office submitted a Presentence Report and calculated a total offense level of 30 for the robbery and felon-in-possession offenses. [Doc. 66: PSR at ¶ 35]. The Defendant's

criminal history garnered five criminal history points related to his prior convictions. [Id. at ¶ 42]. The probation office also assessed the Defendant two criminal history "status" points because he committed his offense while he was on post-release supervision. [Id. at ¶ 43]. The Defendant was also assessed an additional point because the present offense was committed less than two years following his release from custody. [Id. at ¶ 44]. Thus, the Defendant was assessed a total of eight criminal history points, which corresponded to a criminal history category of IV. [Id. at ¶ 45]. Based on a total offense level of 30 and a criminal history category of IV, the probation office calculated an advisory guidelines sentence of 135 to 168 months' imprisonment for the robbery offense. [Id. at ¶ 63]. The Defendant faced a statutory maximum sentence of ten years in prison for the felon-in-possession offense, reducing the guideline range to 120 months' imprisonment for that offense. [Id. at ¶ 62]. Finally, the Defendant faced a mandatory consecutive sentence of ten years' imprisonment for the § 924(c) firearm offense. [Id. at ¶ 63].

The Court sentenced the Defendant to 135 months' imprisonment for the robbery offense, a concurrent sentence of 120 months' imprisonment for the felon-in-possession offense, and a consecutive sentence of 120 months

for the § 924(c) offense, for an aggregate sentence of 255 months' imprisonment. [Doc. 43 at 2].

In September 2019, the Court granted the Defendant's motion to vacate his § 924(c) conviction pursuant to 28 U.S.C. § 2255. [Doc. 69]. At resentencing, the Court again calculated the Defendant's total offense level to be 30 and his criminal history category to be IV. The original Presentence Report included a one-point increase pursuant to U.S.S.G. § 4A1.1(e) because the instant offense was committed less than two years following the Defendant's release from custody for another sentence. Pursuant to Amendment 742, this provision was stricken from the guidelines effective November 1, 2010, and was therefore no longer applicable at the time of the Defendant's resentencing. Without the one-point increase, the Defendant had seven criminal history points, which still qualified him for a criminal history category of IV. [See Doc. 76: Revised Supp. PSR at 3 ¶ 22].

The Court resentenced the Defendant to 168 months' imprisonment for the robbery offense, at the upper end of the advisory guideline range, and to 120 months' in prison for the felon-in-possession offense, the statutory maximum. [Doc. 80 at 2]. The Court ordered 68 months of the felon-in-possession sentence to run consecutively, for an aggregate sentence of 236 months' imprisonment. [Id.]. The Court explained that it could have imposed

4

the same 255-month aggregate sentence originally imposed, but that the Court found that a sentence of 236 months' imprisonment was sufficient, but not greater than necessary, to accomplish the sentencing objectives described in 18 U.S.C. § 3553(a). [Doc. 89 at 45]. The Court further explained that the seriousness of the Defendant's offense conduct, which involved shooting at a business owner during a robbery that the Defendant had instigated, warranted the 236-month sentence. [Id. at 48]. The Court also found that for the same reasons that Congress enacted § 924(c)—a recognition that violent crimes conducted with firearms are more dangerous—the Defendant's Hobbs Act conspiracy offense was more dangerous because of his use of a firearm, warranting a sentence above the 168-month term that would have applied had the Court run the sentences concurrently in full. [Id. at 48].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines to a term of 218 months, or time served, effective February 1, 2024.[1] [Doc. 96]. The Government opposes the Defendant's request for a sentence reduction. [Doc. 97].

---

[1] The Defendant's current projected release date is February 20, 2025. https://www.bop.gov/inmateloc/ (last accessed Jan. 29, 2024).

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at

6

step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was previously sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six or less criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for a sentence reduction under Amendment 821. At the time of his resentencing, the Defendant was assigned a total of seven criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of IV. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score to five. That score corresponds to a criminal history category of III, which results in a revised advisory guidelines range of 121 to 151 months.

Having determined the amended guidelines range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

The Defendant contends that the Court should reduce his sentence to an aggregate term of 218 months, or time served, effective February 1, 2024. [Doc. 96 at 1]. However, a review of the § 3553(a) factors counsel against a reduced sentence. During his time in the Bureau of Prisons, the Defendant has committed thirty disciplinary infractions, including numerous citations for interfering with security devices and for possessing a dangerous weapon, as well as citations for assault and fighting. [Doc. 98 at 3-4]. The Defendant's

8

most recent infractions were in 2020 for "Disruptive Conduct – Greatest" and for possessing a hazardous tool. [Id.]. The Defendant has completed 56 educational courses or work assignments, including obtaining his GED. [Id. at 4]. While the Defendant has maintained a clean record since 2020, his serious and extensive disciplinary record cannot be disregarded. Further, the Defendant's criminal history before committing his robbery offense included multiple probation violations, and he committed the attempted robbery of the Amoco station less than a month after being released from prison for a violent offense during which he shot at his victim. As the Court explained during the resentencing hearing, the Defendant was the instigator of the Hobbs Act offense, and that offense could easily have resulted in serious injuries or death. Moreover, even though the Defendant has received the great benefit of having his 924(c) conviction vacated because it was predicated on a Hobbs Act conspiracy rather than the Hobbs Act robbery itself, the facts giving rise to this case remain the same. The offense conduct in the record in this matter [Doc. 66 at 3-5], to which the Defendant did not object, would have garnered an additional ten year consecutive sentence had the Government merely (and clairvoyantly) charged the Defendant differently.

9

The Defendant has written a letter to the Court, expressing that he is a changed man and that he has arranged for post-imprisonment employment. [Doc. 96-2]. While the Defendant's recent efforts at rehabilitation are commendable, the Court finds that the Defendant would benefit greatly from further preparation for his eventual release and return to the community. Moreover, the Defendant's recent rehabilitation does not outweigh the § 3553(a) sentencing factors that weigh against a reduction in his sentence, including the seriousness of the offense of conviction, the Defendant's criminal history, his thirty disciplinary citations in the Bureau of Prisons, the need to protect the public, and the need for deterrence. For all of these reasons, the Court in its discretion denies the Defendant's motion for a sentence reduction.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 96] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge